**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| NEYLAND NETWORKS LLC, | Case No. 26-90626 (CML) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 39-2444927 | |
| In re: | Chapter 11 |
| DISH DBS CORPORATION, | Case No. 26-90627 (CML) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 84-1328967 | |
| In re: | Chapter 11 |
| DISH WIRELESS L.L.C., | Case No. 26-90628 (CML) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 35-2576388 | |
| In re: | Chapter 11 |
| DISH BROADCASTING CORPORATION, | Case No. 26-90629 (CML) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 37-1848590 | |
| In re: | Chapter 11 |
| DISH INFINITE CORPORATION, | Case No. 26-90630 (CML) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 92-1563760 | |

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| DISH NETWORK L.L.C., | ) ) Case No. 26-90631 (CML) |
| Debtor. | ) ) (Emergency Hearing Requested) |
| Tax I.D. No. 84-1114039 | ) ) |
| In re: | ) ) Chapter 11 |
| DISH NETWORK SERVICE L.L.C., | ) ) Case No. 26-90633 (CML) |
| Debtor. | ) ) (Emergency Hearing Requested) |
| Tax I.D. No. 84-1195952 | ) ) |
| In re: | ) ) Chapter 11 |
| DISH OPERATING L.L.C., | ) ) Case No. 26-90632 (CML) |
| Debtor. | ) ) (Emergency Hearing Requested) |
| Tax I.D. No. 20-0715965 | ) ) |
| In re: | ) ) Chapter 11 |
| DISH TECHNOLOGIES HOLDING CORPORATION, | ) ) Case No. 26-90634 (CML) |
| Debtor. | ) ) (Emergency Hearing Requested) |
| Tax I.D. No. 37-1850198 | ) ) |
| In re: | ) ) Chapter 11 |
| DISH TECHNOLOGIES L.L.C., | ) ) Case No. 26-90635 (CML) |
| Debtor. | ) ) (Emergency Hearing Requested) |
| Tax I.D. No. 76-0033570 | ) |

2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DISH WIRELESS LEASING L.L.C., | ) | Case No. 26-90636 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 61-1690221 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DISH WIRELESS RETAIL HOLDING L.L.C., | ) | Case No. 26-90637 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 92-1527062 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DISH WIRELESS RETAIL OPERATING L.L.C., | ) | Case No. 26-90638 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 92-1484916 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SLING MEDIA L.L.C., | ) | Case No. 26-90639 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 20-1300545 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SLING TV GIFT CARD CORPORATION, | ) | Case No. 26-90640 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 37-1829692 | ) | |

3

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SLING TV HOLDING L.L.C., | ) | Case No. 26-90641 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 46-0593221 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SLING TV L.L.C., | ) | Case No. 26-90642 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 27-4334672 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SLING TV PURCHASING L.L.C., | ) | Case No. 26-90643 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 35-2452931 | ) | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF CASES AND (II) GRANTING RELATED RELIEF**

4

> **Emergency relief has been requested.  Relief is requested not later than 2:30 p.m. (prevailing Central Time) on July 1, 2026.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on July 1, 2026 at 2:30 p.m. (prevailing Central Time) in Courtroom 402, 4th Floor, 515 Rusk Street, Houston, Texas 77002.  Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility.  You may access the facility at (832) 917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Lopez's conference room number is 590153.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Lopez's home page.  The meeting code is "JudgeLopez".  Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**") state as follows in support of this motion (this "**Motion**"):[1]

## Relief Requested

1.      The Debtors request entry of an order (the "**Order**"), substantially in the form attached hereto, (a) directing the joint administration of these Chapter 11 Cases for procedural purposes only and (b) granting related relief.  Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") maintain one file and one docket for all of the jointly administered cases under the case number of DISH DBS Corporation, and that these Chapter 11 Cases be administered under a consolidated caption, as follows:

---

[1]     A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' Chapter 11 Cases, is set forth in the *Declaration of John Swieringa in Support of Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**"), filed concurrently herewith.  Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DISH DBS CORPORATION, | ) | Case No. 26-90627 (CML) |
| DISH WIRELESS L.L.C., *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

[1] The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388.  A complete list of each of the Debtors in these Chapter 11 Cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/DBS.  The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

2.      The Debtors request that this Court order that the foregoing caption satisfies the requirements of section 342(c)(1) of title 11 of the United States Code (the "**Bankruptcy Code**").

3.      The Debtors further request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors (other than DISH DBS Corporation) to reflect the joint administration of these Chapter 11 Cases:

> The Court has entered an order in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas, directing joint administration of the Chapter 11 Cases of DISH DBS Corporation and its affiliated debtors and debtors in possession.  **All further pleadings and other papers shall be filed, and all further docket entries shall be made, in Case No. 26-90627 (CML)**.

**Jurisdiction, Venue, and Predicates for Relief**

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The predicates for the relief requested herein are sections 105(a) and 342(c) of the Bankruptcy Code, rules 1005, 1015(b), and 2002 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), and rules 1015-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## Background

6.      On June 30, 2026 (the "**Petition Date**"), each Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committee has been appointed.

7.      The Debtors are subsidiaries of EchoStar Corporation (NASDAQ: ECHO) ("**EchoStar**" and, together with its Debtor and non-Debtor subsidiaries, the "**Company**"), which is not itself a Debtor in these cases.  EchoStar was founded in 1980 and provides pay-TV, wireless, and internet services to millions of customers, having pioneered technological advancements that redefined those industries.  As of the Petition Date, the Company has approximately 10,400 employees in the United States and serves more than 6 million pay-TV subscribers, approximately 7 million wireless subscribers, and approximately 641,000 broadband subscribers.  The Debtors comprise two of the Company's business segments.  The DBS Debtors operate the Company's Pay-TV segment, which includes DISH®- and Sling TV®- branded pay-TV services.  In 2025, Pay-TV generated operating income of $2.4 billion on revenue of $9.7 billion.  From 2020 to 2025, the DISH Wireless Debtors, led by DWLLC, operated the Company's Wireless segment under the Boost Mobile® and Gen Mobile® brands.

8.      The DBS Debtors commenced these prepackaged Chapter 11 Cases to implement a global resolution of disputes with holders of their debt securities pursuant to the Restructuring Support Agreement dated as of March 19, 2026 (the "**RSA**"), which is supported by holders of approximately 88.3% of the $9.75 billion in aggregate principal amount of the DBS Debtors'

secured and unsecured notes.  In accordance with the RSA, the joint prepackaged chapter 11 plan filed concurrently with this Motion (the "**Plan**") deleverages the DBS Debtors' balance sheet by providing for the reduction of the aggregate principal balance of the DBS Debtors' funded debt obligations from $9.75 billion to $5.0 billion, as such balance may be further reduced by a sweep of available cash of the DBS Debtors in excess of $500 million, commencing with the fiscal quarter ended March 31, 2027, to redeem up to the entire aggregate principal balance of the $2.5 billion of  5.750% senior secured notes due 2028.

9.     The DISH Wireless Debtors commenced these Chapter 11 Cases, as contemplated by the RSA, concurrently with the DBS Debtors to address billions of dollars of disputed claims asserted by tower lease and other 5G network infrastructure creditors following EchoStar's entry into definitive agreements to sell spectrum licenses to AT&T and SpaceX, as directed by the Federal Communications Commission (the "**FCC**") to resolve its investigation of EchoStar's use of spectrum.  The sales, which the Wireless Telecommunications Bureau (the "**Bureau**") of the FCC approved on May 12, 2026, will dispose of the spectrum licenses on which the DISH Wireless Debtors relied to operate more than 24,000 tower sites that the DISH Wireless Debtors built from the ground up at a cost of more than $13 billion—plus an additional $3 billion invested in the buildout by EchoStar's non-Debtor subsidiaries—between 2020 and 2025.    The Bureau conditioned approval of the FCC-directed sales on EchoStar's establishment of a trust funded with $2.4 billion to pay qualifying judicially determined or settled claims related to the 5G Network (the "**FCC Trust**"), which was established by EchoStar on June 26, 2026.  The Chapter 11 Cases afford holders of claims against the DISH Wireless Debtors a centralized forum to assert, liquidate, and recover against the DISH Wireless Debtors—subject to the DISH Wireless Debtors'

defenses—or obtain judicially determined claims for submission to and evaluation and potential payment by the FCC Trust.

## Basis for Relief

10.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[t]he court may order joint administration of the estates . . . in two or more cases pending in the court if they are brought by or against . . . a debtor and an affiliate." Fed. R. Bankr. P. 1015(b)(1). The Debtors in these Chapter 11 Cases are "affiliates" of each other as that term is defined in section 101(2) of the Bankruptcy Code.[2] Further, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Local Rule 1015-1 details the information a debtor must include in a motion seeking joint administration. The Debtors have filed this Motion in compliance with the Bankruptcy Local Rules. Accordingly, the Bankruptcy Rules, the Bankruptcy Code, and the Bankruptcy Local Rules authorize the Court to grant the relief requested herein.

11.     Joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these Chapter 11 Cases will affect all of the Debtors. The entry of an order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the United States Trustee for Region 7 (the "**U.S. Trustee**") and all parties in interest to monitor these Chapter

---

[2]     In particular, "affiliate" is defined in the Bankruptcy Code to include a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds the power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ." 11 U.S.C. § 101(2)(B).

11 Cases with greater ease and efficiency, as all filings will be available on one docket rather than across 18 dockets.

12.     Joint administration will not adversely affect the Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases.

13.     Section 342(c)(1) of the Bankruptcy Code requires that any notice given by a debtor to a creditor contain the name, address, and last four digits of the debtor's taxpayer identification number. Bankruptcy Rule 2002(o) requires that the caption of any notice given under Bankruptcy Rule 2002 conform to Bankruptcy Rule 1005[3] and include the information required by section 342(c) of the Bankruptcy Code. All pleadings filed and notices mailed by the Debtors will include a footnote identifying the lead Debtor and the last four digits of its tax identification number and notifying parties in interest of the address of the Debtors' headquarters and that a listing of all of the Debtors and the last four digits of their tax identification numbers is publicly available on the Debtors' restructuring website (the "**Case Website**") maintained by the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC. The proposed footnote to the caption will eliminate cumbersome pleadings and ensure uniformity across pleadings because parties will not be required to list this information for all 18 Debtors on each document filed. Further, the full tax identification numbers and any other names used by the Debtors in the past eight years are listed in the petitions for each Debtor, and such petitions are publicly available, including on the Case Website. The Debtors therefore submit that their proposed caption and footnote fully satisfies the

---

[3]     Bankruptcy Rule 1005 requires petition captions to include the name of the court, the case number (if known), and the title of the case (including the debtor's name, employer-identification number or other taxpayer identification number, and all other names used within eight years before filing the petition).

requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(o).

14.     For the foregoing reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors' estates, their creditors, and all other parties in interest and should be granted.

**Emergency Consideration**

15.     The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1.   This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance.  The relief requested will save costs and avoid administrative burden and confusion only if granted immediately.  The Debtors therefore request that the Court approve the relief requested in this Motion on an emergency basis.

**Notice**

16.     The Debtors will provide notice of this Motion to:  (a) the Office of the United States Trustee for Region 7 (the "**U.S. Trustee**"); (b) the United States Attorney's Office for the Southern District of Texas; (c) the state attorneys general for the states in which the Debtors operate; (d) the Internal Revenue Service; (e) the United States Securities and Exchange Commission; (f) the Federal Communications Commission; (g) the indenture trustees, administrative agents, and collateral agents in respect of: (i) the 2026 Senior Secured Notes, (ii) the 2028 Senior Secured Notes, (iii) the 2026 Senior Notes, (iv) the 2028 Senior Notes, and (v) the 2029 Senior Notes; (h) counsel to the Ad Hoc Group; (i) the holders of the 30 largest unsecured claims against the DBS Debtors; (j) the holders of the 30 largest unsecured claims against the DISH Wireless Debtors; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d).  In light of the nature of the relief requested, no other or further notice need be provided.

11

The Debtors request that the Court enter the Order granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

June 30, 2026
Houston, Texas

/s/ *Charles R. Koster*

**WHITE & CASE LLP**
Charles R. Koster (Texas Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone:      (713) 496-9700
Facsimile:      (713) 496-9701
Email:          charles.koster@whitecase.com


Ronald K. Gorsich (*pro hac vice* pending)
Doah Kim (*pro hac vice* pending)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:      (213) 620-7700
Email:          rgorsich@whitecase.com
                doah.kim@whitecase.com

**WHITE & CASE LLP**
Thomas E Lauria (Texas Bar No. 11998025)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone:      (305) 371-2700
Email:          tlauria@whitecase.com


Matthew E. Linder (*pro hac vice* pending)
Laura E. Baccash (*pro hac vice* pending)
300 N. LaSalle Drive
Chicago, Illinois 60654
Telephone:      (312) 881-5400
Email:          mlinder@whitecase.com
                laura.baccash@whitecase.com


David M. Turetsky (*pro hac vice* pending)
Samuel P. Hershey (S.D. Texas Fed. No. 3465170)
Andrea Amulic (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020
Telephone:      (212) 819-8200
Email:          david.turetsky@whitecase.com
                sam.hershey@whitecase.com
                andrea.amulic@whitecase.com

*Proposed Counsel to the Debtors and
Debtors in Possession*

## Certificate of Accuracy

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

/s/ *Charles R. Koster*
Charles R. Koster

## Certificate of Service

I certify that on June 30, 2026, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Charles R. Koster*
Charles R. Koster