**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| NEYLAND NETWORKS LLC, | Case No. 26-90626 (CML) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 39-2444927 | |
| In re: | Chapter 11 |
| DISH DBS CORPORATION, | Case No. 26-90627 (CML) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 84-1328967 | |
| In re: | Chapter 11 |
| DISH WIRELESS L.L.C., | Case No. 26-90628 (CML) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 35-2576388 | |
| In re: | Chapter 11 |
| DISH BROADCASTING CORPORATION, | Case No. 26-90629 (CML) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 37-1848590 | |
| In re: | Chapter 11 |
| DISH INFINITE CORPORATION, | Case No. 26-90630 (CML) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 92-1563760 | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DISH NETWORK L.L.C., | ) | Case No. 26-90631 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 84-1114039 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DISH NETWORK SERVICE L.L.C., | ) | Case No. 26-90633 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 84-1195952 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DISH OPERATING L.L.C., | ) | Case No. 26-90632 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 20-0715965 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DISH TECHNOLOGIES HOLDING CORPORATION, | ) | Case No. 26-90634 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 37-1850198 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DISH TECHNOLOGIES L.L.C., | ) | Case No. 26-90635 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 76-0033570 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DISH WIRELESS LEASING L.L.C., | ) | Case No. 26-90636 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 61-1690221 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DISH WIRELESS RETAIL HOLDING L.L.C., | ) | Case No. 26-90637 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 92-1527062 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DISH WIRELESS RETAIL OPERATING L.L.C., | ) | Case No. 26-90638 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 92-1484916 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SLING MEDIA L.L.C., | ) | Case No. 26-90639 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 20-1300545 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SLING TV GIFT CARD CORPORATION, | ) | Case No. 26-90640 (CML) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 37-1829692 | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SLING TV HOLDING L.L.C., | ) | Case No. 26-90641 (CML) |
|  | ) |  |
| Debtor. | ) | (Emergency Hearing Requested) |
|  | ) |  |
| Tax I.D. No. 46-0593221 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| SLING TV L.L.C., | ) | Case No. 26-90642 (CML) |
|  | ) |  |
| Debtor. | ) | (Emergency Hearing Requested) |
|  | ) |  |
| Tax I.D. No. 27-4334672 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| SLING TV PURCHASING L.L.C., | ) | Case No. 26-90643 (CML) |
|  | ) |  |
| Debtor. | ) | (Emergency Hearing Requested) |
|  | ) |  |
| Tax I.D. No. 35-2452931 | ) |  |

**ORDER (I) DIRECTING JOINT ADMINISTRATION
OF CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of the debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**") for entry of an order (this "**Order**") (i) directing joint administration of these Chapter 11 Cases for procedural purposes only and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and entry of this Order being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors having consented to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that due, sufficient, and proper notice of the Motion was provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and all objections to the Motion, if any, having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under lead cases: DISH DBS Corporation and DISH Wireless L.L.C., under the DISH DBS Corporation Case No. 26-90627 (CML).

2.      Additionally, the following checked items are ordered:

☒       One disclosure statement and plan of reorganization may be filed for all of the cases by any plan proponent.

☒       Parties may request joint hearings on matters pending in any of the jointly administered cases.

☒       Other:  See below.

3. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DISH DBS CORPORATION, | ) | Case No. 26-90627 (CML) |
| DISH WIRELESS L.L.C., *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

[1] The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388. A complete list of each of the Debtors in these Chapter 11 Cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/DBS. The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

4. The requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(o) that the case caption and other notices mailed in these cases include the Debtors' tax identification numbers and other identifying information are satisfied.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors, other than DISH DBS Corporation, to reflect the joint administration of these Chapter 11 Cases:

> The Court has entered an order in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas directing joint administration of the Chapter 11 Cases of DISH DBS Corporation and its affiliated debtors and debtors in possession. **All further pleadings and other papers shall be filed, and all further docket entries shall be made in Case No. 26-90627 (CML).**

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8. Notwithstanding any Bankruptcy Rule or Bankruptcy Local Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors and the Clerk of this Court are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules, the Bankruptcy Local Rules and the *Procedures for Complex Cases in the Southern District of Texas* are satisfied by such notice.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2026
Houston, Texas

_____
CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE